FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
FEB -5 A 10:41
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN DOE,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-191

SUZANNE HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Doe ("Doe"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Doe filed a Traverse. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Doe's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a jury trial in the Middle District of Florida, Doe was convicted of numerous identity theft offenses. United States v. Doe, CR311-262, Doc. No. 77. Doe was sentenced to an aggregate 120 months' imprisonment. Id., Doc. No. 84. Doe appealed, id., Doc. No. 86, and that appeal is currently pending before the Court of Appeals for the Eleventh Circuit, Case No. 12-14817.

In October 2012, Doe filed an "Affidavit of Lack of Attorney-Client Relationship" in his criminal case. CR311-262, Doc. No. 91. In that document, Doe referenced an "Exhibit A" which, apparently, was not actually attached. Id. Doe filed the document meant to be attached as "Exhibit A" to the "Affidavit of Lack of Attorney-Client Relationship" as an attachment to his Traverse. (Doc. No. 11-1, pp. 2–3). Doe filed, as "Exhibit A" to the memorandum in support of the instant petition, a similar affidavit. (Doc. No. 1-1, p. 3) (referenced in body of memorandum in support of habeas corpus petition, Doc. No. 1-1, p. 1). Both affidavits relate to the arguments made in support of the instant petition. When the government did not respond to the "Affidavit of Lack of Attorney-Client Relationship" filed in his criminal case, Doe filed an "Affidavit of Non-Response." CR311-262, Doc. No. 101. In that document, Doe asserted that the government's failure to respond rendered all of his various allegations in the "Affidavit of Lack of Attorney-Client Relationship" and the affidavit meant to be attached as "Exhibit A" to that document uncontestable. Id.

In the instant petition, Doe seeks relief under § 2241 based on alleged deficiencies surrounding his criminal convictions. Doe asserts the following deficiencies surrounding his criminal convictions: (1) due process, (2) lack of attorney-client relationship, (3) lack of access to the courts, (4) lack of jurisdiction, and (5) actual innocence. (Doc. No. 1, p. 1, 2). In "Exhibit A" Doe elaborates stating that evidence of his actual innocence was hidden from him; that defense counsel had financial, professional, and personal conflicts of interest at all times during his criminal case; that he never gave information known to him to be false with regard to any government issued identification; that the government did not provide exculpatory material to him

2

prior to trial; and that he was never read his rights before or during his arrest and subsequent questioning. (Doc. No. 1-1, p. 3). Doe asserts that his allegations are uncontestable because he filed them in affidavit form, to which the government has not responded in a like manner. (Doc. No. 11, p. 4). Doe seeks immediate, or at least earlier, release from confinement. (Doc. No. 1-1, p. 1). Respondent contends that Doe's claims should be dismissed because they are not appropriate claims to be brought under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). A prisoner may attack his conviction or sentence by filing a habeas petition pursuant to § 2241 only when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Doe's arguments in support of the instant petition are all clearly attacks on his underlying convictions. Therefore, his claims fall within the ambit of § 2255. In order to file a § 2241 petition, Doe must show the inadequacy or ineffectiveness of the § 2255 remedy. Doe cannot show that § 2255 is inadequate or ineffective as to his claims because his claims are not yet ripe for review under § 2255. "In general, a § 2255 motion will be a federal prisoner's 'primary method of collateral attack' on his conviction

3

AO 72A
(Rev. 8/82)

and sentence *after that conviction has become final.*" Santivanez v. Warden, FCC Coleman-USP II, 416 F. App'x 833, 834 (11th Cir. 2011) (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)) (emphasis added). Ordinarily, "a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of that direct appeal may negate the need for habeas relief." United States v. Casaran-Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (citing United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) ("[A] collateral attack is generally inappropriate if the possibility of further direct review remains open") (alteration in original)) (other citations omitted). Because the direct appeal of Doe's convictions is currently pending, Doe's convictions are not yet final, and § 2255 is not yet an available remedy. Because the remedy afforded by § 2255 is not yet available to Doe, Doe cannot show that such a remedy, if pursued, would be inadequate or ineffective to test the legality of his detention. As a result, Doe's § 2241 petition is premature. See also Garcon v. Palm Beach Cnty. Sheriff's Office, 291 F. App'x 225, 226 (11th Cir. 2008) (holding that a § 2241 petition asserting claims attacking an indictment, jurisdiction to hear a criminal case, effectiveness of counsel, selection of the grand jury, an arrest warrant, and violation of the Speedy Trial Act was premature as those claims were "properly brought during [the petitioner's] criminal case and subsequent appeal, should he choose to file one").

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Doe's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)