IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHN DOE,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-191

SUZANNE HASTINGS,

    Respondent.

## ORDER

Petitioner John Doe ("Doe") filed Objections to the Magistrate Judge's Report dated February 5, 2013, which recommended that Doe's 28 U.S.C. § 2241 petition be dismissed. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Doe argues that under Gilbert v. United States, 640 F.3d 1293, 1318 (11th Cir. 2011), he is entitled to bring his actual innocence claim under 28 U.S.C. § 2255(h) without meeting the test announced in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Doe's argument fails for two reasons. First, § 2255(h) provides an actual innocence exception to bringing a second or successive § 2255 motion; it does not relate in any way to a prisoner's ability to bring a § 2241 petition. Second, the Magistrate Judge did not recommend dismissal of Doe's § 2241 petition based on his failure to meet the Wofford test. Instead, the Magistrate Judge

recommended dismissal of Doe's petition because it is premature. Doe's arguments in support of his petition fall within the ambit of § 2255, and Doe cannot show the inadequacy or ineffectiveness of the § 2255 remedy because his claims are not yet ripe for review under § 2255. Therefore, the Magistrate Judge correctly determined that Doe's § 2241 petition is premature.

In his Objections, Doe also provides numerous excerpts of law dealing with procedural default and miscarriage of justice and the relationship of those concepts to his actual innocence claim. To the extent that Doe attempts to argue that his actual innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of that claim, Doe's argument was foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009). In Kelley, a § 2241 petitioner appealed the dismissal of his petition, which asserted that he was actually innocent of the crime for which he was convicted, arguing that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court went on to explain that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that because the petitioner did not open

2

the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Even if Doe's petition were not premature, Doe has not opened the portal to allow him to bring a § 2241 petition; therefore, Doe cannot bring his claim pursuant to § 2241, and this Court's decision to not render a decision on the merits of Doe's actual innocence claim will not result in a miscarriage of justice.

Doe's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Doe's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 14 day of February, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)